1

2

3

4              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
5                    AT TACOMA

6    MICHELLE D.

7                      Plaintiff,            Case No. 2:20-cv-00878-TLF

8         v.                                 ORDER REVERSING AND
                                             REMANDING DEFENDANT'S
9    COMMISSIONER OF SOCIAL                   DECISION TO DENY BENEFITS
     SECURITY,
10
                       Defendant.
11

12        Plaintiff has brought this matter for judicial review of Defendant's denial of her

13   application for disability insurance benefits ("DIB").

14        The parties have consented to have this matter heard by the undersigned

15   Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16   MJR 13. For the reasons set forth below, the Administrative Law Judge's ("ALJ")

17   decision is reversed and remanded for further proceedings.

18                    I.    ISSUES FOR REVIEW

19        1. Did the ALJ properly assess an opinion from a non-acceptable
             medical source?
20        2. Did the ALJ err in evaluating the medical opinion evidence?
          3. Did the ALJ provide clear and convincing reasons for discounting
21           Plaintiff's symptom testimony?

22                    II.    BACKGROUND

23        Plaintiff first filed a claim for DIB on October 26, 2015, which was denied on initial

24   review. AR 15, 81.

25
     ORDER REVERSING AND REMANDING
     DEFENDANT'S DECISION TO DENY BENEFITS - 1

1   Plaintiff filed a new claim for DIB on February 19, 2017, alleging a disability onset

2   date of August 22, 2014. AR 15, 195-201. Plaintiff's claim was denied initially and upon

3   reconsideration. AR 15, 127-29, 132-34. ALJ Eric Basse held a hearing on November

4   21, 2018. AR 35-78. On March 26, 2019, the ALJ issued a decision finding that Plaintiff

5   was not disabled. AR 12-28. On April 9, 2020, the Social Security Appeals Council

6   denied Plaintiff's request for review. AR 1-6.

7   Plaintiff seeks judicial review of ALJ Basse's March 26, 2019 decision. Dkt. 4.

8   III.      STANDARD OF REVIEW

9   Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

10   denial of Social Security benefits if the ALJ's findings are based on legal error or not

11   supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

12   F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

13   reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

14   *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

15   IV.      DISCUSSION

16   In this case, the ALJ found that Plaintiff had the severe impairments of

17   fibromyalgia, degenerative disc disease, a history of right lower extremity fracture, left

18   shoulder and rotator cuff strain, osteoarthritis, and depression. AR 18. Based on the

19   limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could

20   perform a reduced range of light work. AR 20. Relying on vocational expert ("VE")

21   testimony, the ALJ found that Plaintiff could perform her past work; therefore the ALJ

22   determined at step four of the sequential evaluation that Plaintiff was not disabled. AR

23   26-28, 66-71.

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

1

2

A. <u>Whether the ALJ properly assessed evidence from non-acceptable medical sources</u>

3

Plaintiff contends that the ALJ erred in evaluating an opinion from treating

4

physical therapist Edwin Malijan, R.P.T. Dkt. 25, pp. 9-12.

5

Under regulations in force when Plaintiff filed her application, when evaluating

6

opinions from non-acceptable medical sources, such as physical therapists, an ALJ may

7

expressly disregard such testimony if the ALJ provides "reasons germane to each

8

witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th

9

Cir. 2010) (citing *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §

10

404.1502.

11

Mr. Malijan performed a functional capacity examination for the Washington

12

Department of Labor and Industries ("DLI") on July 1, 2017. AR 1116-29. Based on his

13

in person examination, Mr. Malijan opined that Plaintiff demonstrated signs of

14

neurovascular dysfunction triggered by repetitive upper extremity activities. AR 1122.

15

Mr. Malijan added that this dysfunction impacted Plaintiff's ability to reach, lift, carry,

16

push, pull, and use her hands and fingers. *Id*.

17

Mr. Malijan also offered a more detailed assessment of Plaintiff's functional

18

limitations, opining that Plaintiff could sit for eight hours in an eight hour day, stand for

19

four hours, and walk for two hours. AR 1116. Mr. Malijan further opined that Plaintiff

20

could seldom (meaning up to one hour in an eight hour day) lift and carry up to thirteen

21

pounds, and occasionally (meaning for between one and three hours) lift and carry up to

22

eight pounds. *Id*. Mr. Malijan added that Plaintiff would seldom and occasionally be able

23

to perform a range of postural and manipulative activities. *Id*.

24

25

1    Mr. Malijan submitted a detailed addendum on August 17, 2017 explaining and

2  confirming his earlier findings. AR 1130-45.

3    The ALJ addressed Mr. Malijan's opinion along with other opinions submitted in

4  connection with Plaintiff's DLI claim. AR 25-26. The ALJ did not assign great weight to

5  these evaluations, reasoning that they did not assess specific functional limitations, and

6  that the inquiry performed by DLI in assessing a claimant's eligibility for worker's

7  compensation benefits focuses on an individual's work-related injuries, and is

8  fundamentally different from the evaluation performed by the Social Security

9  Administration when assessing disability claims. AR 25-26.

10    The ALJ's reasoning for discounting the opinion of Mr. Malijan, and the opinions

11  of the other physicians submitted in connection with Plaintiff's DLI claim, is not

12  supported by substantial evidence.

13    Here, Mr. Malijan submitted a functional evaluation describing Plaintiff's precise

14  work-related physical limitations, describing how often Plaintiff could perform given

15  activities, including reaching, lifting, carrying, pushing, pulling, and using her hands and

16  fingers during an eight hour workday, which is common in forms submitted in

17  connection with Social Security disability claims. AR 1116. As such, Mr. Malijan's

18  opinion contains information concerning Plaintiff's functional limitations that is relevant

19  to her Social Security claim. *See Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996,

20  1006 (9th Cir. 2015) (The ALJ is responsible for translating and incorporating clinical

21  findings into a succinct residual functional capacity).

22    The ALJ's finding that Mr. Malijan did not assess specific work-related limitations

23  is not supported by substantial evidence, and the different purposes for which these

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

1  limitations were assessed cannot, without more, serve as a valid reason for discounting

2  his opinion. AR 25.

3       B.  Whether the ALJ erred in evaluating the medical opinion evidence

4       Plaintiff argues that the ALJ erred in evaluating the opinions of treating physician

5  Stan Schiff, M.D. and treating podiatrist Matthew Williams, D.P.M. Dkt. 25, pp. 2-9.

6       In assessing an acceptable medical source, an ALJ must provide "clear and

7  convincing" reasons for rejecting the uncontradicted opinion of either a treating or

8  examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v.*

9  *Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th

10  Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion

11  can be rejected "for specific and legitimate reasons that are supported by substantial

12  evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d

13  1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The

14  ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and

15  conflicting clinical evidence, stating his interpretation thereof, and making findings."

16  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881

17  F.2d 747, 751 (9th Cir. 1989)).

18       1.  Dr. Schiff

19       On August 4, 2017, Dr. Schiff, Plaintiff's treating physician, reviewed, and

20  concurred with, Mr. Malijan's opinion, clarifying that the stress fracture of Plaintiff's foot

21  was not work related and that Plaintiff could sit, stand and walk less often than Mr.

22  Malijan's opinion appeared to indicate. AR 1198-1203.

23

24

25

1    The ALJ discounted Dr. Schiff's opinion for the same reasons he rejected Mr.

2    Malijan's opinion. AR 25-26. For the reasons discussed above, the ALJ's evaluation of

3    Dr. Schiff's opinion is not supported by substantial evidence.

4        2.  Dr. Williams

5        Plaintiff contends that the ALJ erred by not considering a statement from

6    Plaintiff's treating podiatrist, Dr. Williams, recommending that Plaintiff have "rest, ice,

7    elevation and activity limitations as needed to reduce pain and/or swelling" in her feet.

8    Dkt. 25, pp. 7-9, citing AR 1062.

9        The ALJ is not required to "discuss all evidence presented". *Vincent on Behalf of*

10   *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis

11   in original). The ALJ must only explain why "significant probative evidence has been

12   rejected." *Id.*

13       The statement cited by Plaintiff is framed as a recommendation, and does not

14   assess any specific work-related limitations. An ALJ does not need to accommodate a

15   physician's non-imperative recommendations when formulating the RFC. *See Carmickle*

16   *v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1165 (9th Cir. 2008) (the ALJ does not err

17   in rejecting a physician's proposal when it is framed as a recommendation rather than

18   an imperative); *Valentine v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 685, 691-92 (9th Cir.

19   2009) (an ALJ does not err by excluding recommendations from the RFC finding).

20       Further, a finding that a physician's opinion is too vague to be useful in making a

21   disability determination can serve as a specific and legitimate reason for discounting

22   that opinion. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (holding that the ALJ

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

1   reasonably found that the use of words such as "limited" and "fair" in an opinion did not

2   specify a claimant's precise limitations and were "inadequate for determining RFC").

3       Accordingly, Dr. Williams vague recommendation concerning Plaintiff's need for

4   rest, ice, elevation and activity limitations in connection with her foot impairment does

5   not constitute significant, probative evidence that the ALJ was required to consider.

6       C.  Whether the ALJ erred in evaluating Plaintiff's testimony

7       Plaintiff contends that the ALJ erred by not providing clear and convincing

8   reasons for discounting Plaintiff's symptom testimony. Dkt. 25, pp. 12-15.

9       In weighing a claimant's testimony, an ALJ must use a two-step process. *Trevizo*

10  *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

11  there is objective medical evidence of an underlying impairment that could reasonably

12  be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

13  F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

14  evidence of malingering, the second step allows the ALJ to reject the claimant's

15  testimony of the severity of symptoms if the ALJ can provide specific findings and clear

16  and convincing reasons for rejecting the claimant's testimony. *Id.*

17      In discounting Plaintiff's testimony, the ALJ reasoned that: (1) Plaintiff's

18  allegations concerning her physical and mental impairments were inconsistent with the

19  medical record; (2) Plaintiff's physical impairments improved with treatment; (3)

20  Plaintiff's allegations were inconsistent with her ability to engage in certain activities of

21  daily living; (4) Plaintiff had few mental health symptoms and underwent minimal mental

22  health treatment during the period at issue; and (5) Plaintiff's mental health symptoms

23  were primarily the result of situational stressors. AR 20-24.

24

25

1    With respect to the ALJ's first reason, inconsistency with the objective evidence

2    may serve as a clear and convincing reason for discounting a claimant's testimony.

3    *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir.

4    1998). But an ALJ may not reject a claimant's subjective symptom testimony "*solely*

5    because the degree of pain alleged is not supported by objective medical evidence."

6    *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks

7    omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995)

8    (applying rule to subjective complaints other than pain).

9    As for the ALJ's second reason, a finding that a claimant's symptoms improved

10   with conservative treatment can serve as a clear and convincing reason for discounting

11   the claimant's testimony. 20 C.F.R. § 404.1529(c)(3)(iv) (the effectiveness of medication

12   and treatment are relevant to the evaluation of a claimant's alleged symptoms);

13   *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment

14   successfully relieving symptoms can undermine a claim of disability); *see also*

15   *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481

16   F.3d 742, 750–51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is

17   sufficient to discount a claimant's testimony regarding severity of an impairment").

18   The evidence cited by the ALJ in support of his conclusion that Plaintiff's

19   symptoms improved with treatment consists of sporadic instances of reduced pain and

20   increased mobility, and the finding that Plaintiff's pain was managed with oxycodone.

21   AR 22-24. Courts in the Ninth Circuit have typically found that consistent use of strong

22   opioid analgesics such as oxycodone cannot be accurately characterized as

23   "conservative" treatment, and the ALJ has not provided a clear and convincing reason

24

25

1  for discounting Plaintiff's testimony. *Bucknell v. Berryhill*, No. ED CV 18-0261 AS, 2018

2  WL 6198459, at *4 (C.D. Cal. Nov. 27, 2018) (unpublished) (collecting cases); *see*

3  *O'Connor v. Berryhill*, 355 F. Supp. 3d 972, 985 (W.D. Wash. 2019) (collecting cases);

4  *Hanes v. Colvin*, 651 F. App'x 703, 706 (9th Cir. 2016) (unpublished) (holding narcotic

5  painkillers, with spinal injections and radiofrequency ablation, not conservative); *Abbott*

6  *v. Astrue*, 391 F. App'x 554, 560 (7th Cir. 2010) (unpublished) (describing hydrocodone

7  as "strong pain reliever").

8       Regarding the ALJ's third reason, a claimant's participation in everyday activities

9  indicating capacities that are transferable to a work setting may constitute a clear and

10  convincing reason for discounting that claimant's testimony. *See Morgan v. Comm'r*

11  *Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir.1999). However, disability claimants

12  should not be penalized for attempting to lead normal lives in the face of their

13  limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v.*

14  *Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (a disability claimant need not "vegetate in a

15  dark room" in order to be deemed eligible for benefits).

16       Here, the ALJ found that despite Plaintiff was able to tend to her personal care,

17  prepare meals, climb stairs, walk a block, shop, and travel without a companion for

18  assistance. AR 22. Plaintiff's ability to engage in these routine activities of daily living

19  does not constitute a valid reason for discounting her testimony. *Diedrich v. Berryhill*,

20  874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming,

21  paying bills, writing checks, and caring for a cat in one's own home, as well as

22  occasional shopping outside the home, are not similar to typical work responsibilities.").

23

24

25

Accordingly, the ALJ has not provided clear and convincing reasons for discounting Plaintiff's testimony concerning her physical impairments. Plaintiff does not challenge the ALJ's evaluation of her mental impairments.

D.  Remand for Further Proceedings

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 25, pp. 15-17. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

Here, the ALJ erred in evaluating the opinions of Mr. Malijan, Dr. Schiff, and Plaintiff's testimony concerning her physical impairments. However, there is also significant evidence consistent with the ALJ's finding, and there remains serious doubt

1    concerning whether plaintiff is in fact disabled. *Garrison v. Colvin*, 759 F.3d 995, 1021

2    (9th Cir. 2014) (courts have the flexibility to remand for further proceedings when the

3    record as a whole creates "serious doubt" as to whether the claimant is disabled within

4    the meaning of the Social Security Act.).

5        Accordingly, remand for further administrative proceedings is the appropriate

6    remedy.

7                                     <u>CONCLUSION</u>

8        Based on the foregoing discussion, the Court finds the ALJ erred when he found

9    Plaintiff to be not disabled. Defendant's decision to deny benefits is therefore

10   REVERSED and this matter is REMANDED for further administrative proceedings. The

11   ALJ is directed to conduct another hearing, take additional evidence as necessary, and

12   re-assess the opinions of Mr. Malijan, Dr. Schiff, and Plaintiff's testimony.

13       Dated this 26th day of August, 2021.

14

15                                   Theresa L. Fricke

16                                   Theresa L. Fricke
                                     United States Magistrate Judge
17

18

19

20

21

22

23

24

25